```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OORAH, INC.,

                    Plaintiff,
      -against-                                    MEMORANDUM AND ORDER
                                                   Case No. 09-CV-0353 (FB) (JO)
MARVIN SCHICK, THE JEWISH
FOUNDATION SCHOOL, and THE RABBI
JACOB JOSEPH SCHOOL,

                    Defendant.
-------------------------------------------------------------x
```

*Appearances:*
For the Plaintiff:
FREDERICK L. WHITMER, ESQ.
Kilpatrick Townsend & Stockton LLP
31 West 52nd Street, 14th Floor
New York, New York 10019

RONALD D. COLEMAN, ESQ.
JOEL G. MACMULL, ESQ.
Goetz Fitzpatrick LLP
One Penn Plaza – Suite 4401
New York, New York 10119

*For the Defendants*:
ELI FEIT, ESQ.
JOSEPH S. SCHICK, ESQ.
Heller Horowitz & Feit, P.C.
292 Madison Avenue
New York, New York 10017

NOAH BURTON, ESQ.
Patton Boggs
One Riverfront Plaza
Newark, New Jersey 07102

**BLOCK, Senior District Judge:**

        Defendants Jewish Foundation School (JFS) and Rabbi Jacob Joseph School (RJJ) (collectively, the "School") move for reconsideration of Judge Dearie's March 31, 2011, Order, which declined to adopt Magistrate Judge Orenstein's Report and Recommendation (R&R) in full. Specifically, Judge Dearie deviated from the R&R by (1) denying defendants' summary judgment motion with respect to plaintiff's breach of contract claim; and (2) denying defendants' motion for summary judgment on their breach of contract

counterclaim. Defendants urge the Court to reconsider Judge Dearie's decision and adopt the R&R in its entirety.

Defendants' motion is denied. The following claims will proceed to trial:

(1) Plaintiff's breach of contract claim. Whether the parties entered an enforceable non-disparagement agreement – which, like all contracts, requires "offer, acceptance, consideration, mutual assent and intent to be bound," *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009 ) (internal quotations omitted) – is an open factual issue;

(2) Defendants' breach of contract counterclaim, which is based on the parties' agreement that plaintiff Oorah, Inc. ("Oorah") would pay tuition for each student it placed at JFS for the duration of the student's tenure there.

(a) Whether this agreement was terminated is a open factual question. If not, Oorah breached the contract by refusing to pay tuition;

(b) If Oorah is found liable for breach of contract, the School must prove its damages. Oorah may attempt to show that the School – by continuing to educate the students, despite Oorah's unwillingness to pay tuition – failed to make reasonable efforts to mitigate its damages;

(3) Defendants' unjust enrichment counterclaim. Because this quasi-contract counterclaim is barred if a valid contract exists, *see Diesel Props S.r.l. v. Greystone Business Credit II, LLC*, 631 F.3d 42, 54 (2d Cir. 2011), it will be considered only if the School's breach of contract counterclaim fails. To prevail, the School must establish that Oorah was enriched at the School's expense, and that "the circumstances were such that in equity and

good conscience" Oorah should provide compensation.  *CompuDyne Corp. v. Shane*, 453 F.Supp.2d 807, 833 (S.D.N.Y. 2006).

        **SO ORDERED.**

                                             _____

                                             FREDERIC BLOCK
                                             Senior United States District Judge

Brooklyn, New York
November 28, 2011