UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OORAH, INC.,

                Plaintiff,

-against-

MARVIN SCHICK, THE JEWISH
FOUNDATION SCHOOL, and THE RABBI
JACOB JOSEPH SCHOOL,

                Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-00353 (FB) (JO)

*Appearances:*

| For the Plaintiff: | For the Defendants: |
|---|---|
| FREDERICK L. WHITMER, ESQ. | ELI FEIT, ESQ. |
| Kilpatrick Townsend & Stockton LLP | JOSEPH S. SCHICK, ESQ. |
| 31 West 52nd Street, 14th Floor | Heller Horowitz & Feit, P.C. |
| New York, New York 10019 | 292 Madison Avenue |
| | New York, New York 10017 |
| RONALD D. COLEMAN, ESQ. | |
| JOEL G. MACMULL, ESQ. | NOAH BURTON, ESQ. |
| Goetz Fitzpatrick LLP | Patton Boggs |
| One Penn Plaza – Suite 4401 | One Riverfront Plaza |
| New York, New York 10119 | Newark, New Jersey 07102 |

**BLOCK, Senior District Judge:**

        Plaintiff Oorah, Inc. ("Oorah"), a nonprofit organization, brought this action against Marvin Schick, the Jewish Foundation School ("JFS") and the Rabbi Jacob Joseph School ("RJJ") (collectively, the "School") seeking to enforce an alleged non-disparagement agreement. The School counterclaimed, arguing that Oorah had breached an agreement to pay a set tuition over a certain number of years for students it enrolled and, in the alternative, that Oorah was unjustly enriched at the School's expense.[1]

---

[1]Oorah initially brought claims for breach of contract, promissory estoppel, and confirmation and enforcement of an arbitral award. Compl. ¶¶ 57-71. The School

The Court determined that Oorah's claim would be tried separately from the School's counterclaims, the former in a bench trial and the latter before a jury. A three-day jury trial on the counterclaims commenced on January 9, 2012, and Oorah was found liable for breach of contract in the amount of $357,100. A bench trial on Oorah's claim was held on March 12, 2012. After hearing limited testimony, the Court determined that no binding non-disparagement agreement existed and the equitable relief Oorah sought was improper.

Oorah now moves for judgment as a matter of law under Federal Rule of Civil Procedure 50 or, alternately, for a new trial under Federal Rule of Civil Procedure 59(a)(1). It argues that a series of pretrial rulings – most notably the decision to try the claims and counterclaims separately and the decision to exclude evidence of a prior arbitration – were unfairly prejudicial; that the School's unjust enrichment claim should not have been presented to the jury; and that the Court erred in finding that there was no enforceable non-disparagement agreement. For the reasons that follow, the motion is denied.

**I.**

Under Rule 50, the Court may "enter judgment as a matter of law against a party on an issue only if 'there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Nadel v. Isaksson*, 321 F.3d 266, 271-72 (2d Cir. 2003)

---

counterclaimed for breach of contract, quantum meruit, and unjust enrichment. Answer ¶¶ 18-28. Only Oorah's breach of contract claim and the School's counterclaims for breach of contract and unjust enrichment survived summary judgment. *See* Nov. 28, 2011, Mem. & Order.

(quoting Fed. R. Civ. P. 50(a)). The motion must be denied "unless, viewed in the light most favorable to the nonmoving party, the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable persons could have reached." *Id.* at 272 (internal quotation marks omitted).

The standard for granting a new trial under Rule 59 is "less stringent . . . in two significant respects: (1) a new trial under Rule 59(a) 'may be granted even if there is substantial evidence supporting the jury's verdict,' and (2) 'a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner.'" *Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133-34 (2d Cir.1998)). Nevertheless, the Court may grant a new trial only if "'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice,' i.e., it must view the jury's verdict as 'against the weight of the evidence.'" *Id.* at 245 (quoting *DLC Mgmt. Corp.*, 163 F.3d at 133) (further internal quotation marks omitted).

## II.

**A. The jury trial**

At the jury trial on the counterclaims, the School maintained that Oorah had breached a contract to make tuition payments for the 2007-2009 school years and, in the alternative, that Oorah had been unjustly enriched by using its philanthropic relationship with the School to solicit donations.

3

1. **The pretrial rulings**

To prevent confusion, the Court instructed the parties to avoid referring to one another as "plaintiff" or "defendant." It further instructed them to avoid reference to an arbitration that had occurred before a rabbinic tribunal in April 2007 or any non-disparagement agreement that may have emerged from that proceeding. Oorah claims that these decisions, along with the decision to try the claims and counterclaims separately, deprived the jury of necessary context in which to view the counterclaims. It argues that its inability to refer to the rabbinic arbitration was particularly damaging, as it was unable to present a defense that the rabbinic proceeding released the parties from their tuition payment obligations.

As an initial matter, the Court was well-within the bounds of its discretion when it ordered that the claims and counterclaims would be tried separately. *See* Rule 42 ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, [or] counterclaims[.]"). Prior to trial, Oorah informed the Court that it was seeking only injunctive relief and would not require a jury. As Oorah's claim was predicated on entirely different factual and legal issues than the counterclaims, the Court decided to try it separately to avoid potentially confusing the jurors and burdening them with an unnecessarily long trial. Oorah does not point to any prejudice that stemmed from this decision.

Exclusion of evidence regarding the rabbinic arbitration was similarly appropriate. The Court "has broad discretion over the admission of evidence . . . and its

evaluation of relevance is entitled to substantial deference." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997). Moreover, "[u]nless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial," Fed. R. Civ. Pro. 61, and "[a] party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right," Fed. R. Evid. 103(a). The party claiming error therefore must show that "in some material respect the factfinder's judgment was 'swayed by the error.'" *Perry*, 115 F.3d at 150.

Although Oorah complains that it was prevented from arguing to the jury that the arbitration terminated its obligations under the contract, none of the excluded evidence could, as a matter of law, have established this fact. *See* Magistrate Report & Recommendation on Summary Judgment ("R&R") at 24-27 (reviewing evidence and finding it inadequate). The arbitration simply resolved a prior dispute under the same agreement. Further, Oorah's assertion that it should have been permitted to reference the arbitration in order to explain why it believed its payment obligations had ended is unpersuasive. The question at trial was whether Oorah breached the contract, not whether it believed it had done so. *See, e.g., In re Beacon Associates Litig.*, 745 F. Supp. 2d 386, 434 n.37 (S.D.N.Y. 2010) ("[B]reach of contract does not require proof of scienter.").[2] In light of the arbitration's limited probative value and the danger that it would confuse the issues

---

[2]Other evidence of Oorah's understanding that the debt had been satisfied was admitted. Oorah's witnesses were allowed to testify that they believed that the dispute between the parties had been settled, and Oorah's attorney was permitted to reference this understanding in his closing argument.

5

and mislead the jury, the Court determined, quite reasonably, that references to it should be excluded. *See* Fed. R. Evid. 403. Oorah fails to explain why this decision or any other pretrial order was in error, let alone grounds for a new trial.

**2. The unjust enrichment claim**

Because the jury found Oorah liable for breach of contract, it did not reach the alternative unjust enrichment counterclaim.[3] Nevertheless, Oorah argues that the unjust enrichment counterclaim should not have been presented to the jury, and that the evidence of Oorah's assets introduced to support it was unfairly prejudicial.

The claim was properly before the jury. To establish unjust enrichment under New York law, the School needed to show that Oorah was enriched, that the enrichment was at the School's expense, and that the circumstances were such that, in equity and good conscience, Oorah should make restitution. *See CompuDyne Corp. v. Shane,* 453 F. Supp. 2d 807, 833 (S.D.N.Y. 2009). The School's theory was that Oorah touted its philanthropic relationship with the School in fundraising materials, while the School shouldered the full cost of educating the students Oorah enrolled. Oorah now contends, as it did on its summary judgment motion, that the School cannot show that any enrichment was at the expense of individual students, not the School. It was the School, however, that enrolled students referred by Oorah and covered the portion of their tuition that Oorah had promised to pay; the School could therefore assert that, to the extent Oorah was enriched

---

[3]Unjust enrichment is a quasi-contractual claim; it exists only in the absence of a valid contract. *See Diesel Props S.r.l. v. Greystone Business Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011).

by advertising its charitable tuition payments, its enrichment was at the School's expense. *See Manufacturers Hanover Trust Co. v. Chemical Bank*, 559 N.Y.S.2d 704, 708 (1st Dep't 1990) ("It does not matter whether the benefit is directly or indirectly conveyed.").

Since the counterclaim itself was properly before the jury, documentation of Oorah's fundraising was necessary to show Oorah's enrichment, and it was admitted as relevant and not unfairly prejudicial. *See* Fed. R. Civ. Pro. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); Fed. R. Civ. Pro. 402 (relevant evidence is generally admissible). Admission of this evidence is not grounds for a new trial.

**B. The alleged non-disparagement agreement**

Oorah's final contention is that it should have prevailed on its claim for injunctive relief enforcing a non-disparagement agreement between the parties. The agreement in question is a note the School drafted during the arbitration and addressed to the arbitration panel. After a salutation to the arbitrators it reads:

> This is to acknowledge that the Rabbi Jacob Joseph School and the Jewish Foundation School shall fully accept the psak [decision] of the beth din [arbitration panel]. Furthermore, subsequent to the Din Torah [arbitration] we will not write or transmit in any forum charges against Oorah.

Oorah simultaneously drafted a similar note to the arbitrators. At the bench trial, counsel explained that, based on this note, Oorah was seeking to enjoin the School from disparaging or making false statements about Oorah. Bench Trial Tr. at 12-13. The Court

7

found that no enforceable non-disparagement agreement was in place and, even if it were, it could not merely enjoin the School from engaging in libel or slander.

The Court did not err in finding that the note did not constitute an enforceable agreement. Under New York law, a contract requires "offer, acceptance, consideration, mutual assent and intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (internal quotations omitted). The manifestation of intent must be "sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Express Industries and Terminal Corp. v. New York State Dept. of Transp.,* 715 N.E.2d 1050, 1053 (NY 1999). Moreover, "[a] court cannot decree performance of an agreement unless it can discern with reasonable certainty and particularity what the terms of the arrangement are." *Brookhaven Housing Coalition v. Solomon*, 583 F.2d 584, 593 (2d Cir. 1978). Even putting aside the question of consideration and, as Oorah urges, reading the School's note along with Oorah's note as part of a single agreement, the commitment not to "write or transmit in any forum charges" is overly vague. Indeed, Oorah changed its interpretation of the scope of the purported agreement during the course of this litigation. There is no evidence that the parties had a meeting of the minds as to the material terms of any obligation, and the Court cannot discern any commitments clearly enough to enforce them. *See id.* ("If essential terms of an agreement are omitted or are phrased in too indefinite a manner, no legally enforceable contract will result.")

In any event, Oorah clarified during the bench trial that it was merely seeking to enjoin illegal conduct for which it would have an action at law. Under "well-established

8

principles of equity," a plaintiff seeking an injunction must demonstrate "that remedies available at law, such as monetary damages, are inadequate to compensate for th[e] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As the Court explained from the bench, Oorah may seek damages if the School commits libel or slander; as it failed to demonstrate the inadequacy of that remedy, equitable relief was inappropriate.

## III.

Accordingly, Oorah's motion for judgment as a matter of law or a new trial is denied.

**SO ORDERED.**

s/ Judge Frederic Block

_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 6, 2012