UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OORAH, INC.,

               Plaintiff,

-against-                              **MEMORANDUM AND ORDER**
                                       Case No. 09-CV-00353 (FB) (JO)

MARVIN SCHICK, THE JEWISH FOUNDATION SCHOOL, and THE RABBI JACOB JOSEPH SCHOOL,

               Defendant.
------------------------------------------------------------x

*Appearances:*

*For the Plaintiff:*
FREDERICK L. WHITMER, ESQ.
Kilpatrick Townsend & Stockton LLP
31 West 52nd Street, 14th Floor
New York, New York 10019

RONALD D. COLEMAN, ESQ.
JOEL G. MACMULL, ESQ.
Goetz Fitzpatrick LLP
One Penn Plaza – Suite 4401
New York, New York 10119

*For the Defendants*:
ELI FEIT, ESQ.
JOSEPH S. SCHICK, ESQ.
Heller Horowitz & Feit, P.C.
292 Madison Avenue
New York, New York 10017

NOAH BURTON, ESQ.
Patton Boggs
One Riverfront Plaza
Newark, New Jersey 07102

**BLOCK, Senior District Judge:**

        Judgment was entered on March 13, 2012, in favor of defendants Marvin Schick, the Jewish Foundation School ("JFS") and the Rabbi Jacob Joseph School ("RJJ") (collectively, the "School") in the amount of $357,100. The defendants now move for (1) an order pursuant to 28 U.S.C. § 1963 granting permission to register the judgment in the United States District Court for the District of New Jersey and (2) an order directing plaintiff Oorah, Inc. ("Oorah") to comply with an information subpoena served on April 12, 2012. The motion is granted.

        28 U.S.C. § 1963 provides:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district. . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Good cause, in this context, "is established upon a showing that the party against whom the judgment has been entered: (a) has substantial property in another judicial district; and (b) has insufficient property in the judicial district in which the judgment was entered to satisfy the judgment." *Victor P. Muskin, P.C. v. Ketchum*, No. 04-283, 2004 WL 2710023 (S.D.N.Y. Nov. 23, 2004). Oorah does not dispute that these criteria are satisfied. Permission to register the judgment is therefore granted.

With respect to the subpoena, the School may obtain discovery to enforce its judgment. *See* Fed. R. Civ. Pro. 69(a)(2). Judgment creditors have "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings," and "may also utilize any discovery procedures that are authorized by the forum state, in aid of execution of the judgment." *See GMA Accessories, Inc. v. Electric Wonderland, Inc.*, No. 07-3219, 2012 WL 1933558 (S.D.N.Y May 22, 2012) (internal quotations omitted). Oorah has not pointed to any satisfactory reason why it should not have to respond to the subpoena, and it is now ordered to do so.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 6, 2012

2